UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANE RATCLIFF** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-4776** |
| **WINN-DIXIE STORES, INC., ET AL** | **SECTION: "J" (4)** |

## ORDER

Before the Court is Plaintiff Diane Ratcliff's **Motion to Compel Discovery Responses (R. Doc. 10)**, seeking an order from the Court compelling Defendants to fully respond to Plaintiff's written discovery. The motion was opposed. R. Doc. 13. The motion was submitted on August 16, 2017. For the following reasons, the motion to compel is **DENIED IN PART** and **GRANTED IN PART.**

### I.    Background

Ratliff filed this lawsuit, alleging that she was shopping at Winn-Dixie Store #1430 on 5400 Tchoupitoulas Street in New Orleans, Louisiana, when she slipped and fell in a puddle of water, coming from the freezer. R. Doc. 2-1, p. 2. As a result, Plaintiff suffered injuries to her right hip, right buttock, neck, back, and right knee. *Id.* at ¶ 5.

Plaintiff filed this motion seeking an order compelling the Defendants to respond to her (1) First Set of Request for Production of Documents No.4, (2) Second set of Interrogatories propounded on July 11, 2017, and (3) Second Set of Request of Production of Documents propounded on July 11, 2017, even though the responses were not due until August 10, 2017.

The Defendants oppose the motion. They contend that (1) the incident report is protected from disclosure because it is work produced created in anticipation of litigation and (2) the motion seeking to compel responses to the Second Set of Interrogatories and Request for Production of Documents is premature. The Defendants failed to address the request for attorney's fees.

## II.    Legal Standard

Federal Rule of Civil Procedure ("Rule") 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a). Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 are limited by Rule 26(b)(1), which requires that the information sought be relevant and proportional to the needs of the case. Fed. R. Civ. 26(b)(1).

Rule 37 allows for a party in certain circumstances to move for an order compelling discovery from another party. In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Rule 37 further provides for the award of attorney's fees to the prevailing mover where a meet and confer was not sufficient to resolve the dispute or where disclosure is reis provided after the motion was filed. Fed. R. Civ. P. 37(a)(5)(A).

## III.   Analysis

### A.    Request for Production No. 4

Plaintiff contends that the Defendants should be required to respond to the First Set of Request for Production of Documents No.4 ("Request No. 4"). Request No. 4 sought the production of all incident reports filed in connection with the subject incident, including the one filed by the Plaintiff. R. Doc. 10-2, p. 2. Plaintiff contends that investigative reports are not subject

to the work product privilege, regardless of the possibility of litigation, because they were prepared in the regular course of business and not solely in anticipation of litigation. R. Doc. 10-1, pp. 1-2.

The Defendants objected to production of the incident report on the grounds that it is protected from disclosure pursuant to the work product doctrine, which provides that a party is not entitled to the discovery of documents that are prepared in anticipation of litigation or for trial by another party or its representative where it is (i) otherwise discoverable under Rule 26(b)(1) and (ii) there is a substantial need for the materials to prepare its case. Rec. Doc. 13, p. 3. Defendants contend that, in every instance of a slip and fall, they instruct their employees to take statements and fill out the incident form for the purpose of aiding in future litigation.  Defendants further contend that requiring them to produce the incident report would deter them from investigating the incidents which is why the work product doctrine should protect this very material. Rec. Doc. 13, p. 3.

The work product doctrine was recognized by the Supreme Court in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451 (1947) where the Supreme Court found that, in order to "promote justice and protect their clients' interests," a lawyer must be able to assemble and sift through information and plan her strategy "free from unnecessary intrusion by opposing parties and their counsel." *Id.* at 510-11.  As the modern rule suggests, however, the work product doctrine is no longer limited to documents prepared by an attorney. *See* Fed. R. Civ. P. 26(b)(3)(A).

The 1970 amendment to the Rule 26(b)(3)(A) "expressly extends protection to documents prepared by or for a representative of a party, including his agent."  8 Charles Wright, Arthur Miller & Richard Marcus, *Federal Practice & Procedure* § 2024 (2d Ed.1994). In general, investigative reports prepared by agents of the party or the party's attorney are protected by the

3

work product doctrine. 6 James Wm. Moore, *Moore's Federal Practice* § 26.70[4] (3rd Ed. 2007). Thus, the first prong of work-product protection is satisfied if the document or tangible thing was prepared by or for the party or *by or for the party's representative.*

However, the Doctrine is not an umbrella that shades all materials prepared by a lawyer or agent of the client. It focuses only on materials assembled and brought into being in anticipation of litigation. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). It does not protect materials assembled in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc*., 967 F.2d 980, 984 (4th Cir.1992); *Guzzino v. Felterman,* 174 F.R.D. 59, 63 (W.D. La. 1997). The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *In Re Leslie Fay Cos., Inc. Secs. Litig.,* 161 F.R.D. 274, 280 (S.D.N.Y. 1995).

The threshold determination that the court must make is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States,* 449 U.S. 383 (1981); *Caremark, Inc. v. Affiliated Comput. Sys., Inc.,* 195 F.R.D. 610, 614 (N.D. Ill. 2000). The Fifth Circuit has indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir.1981).

In determining the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Elec. Data Sys. Corp. v.*

4

*Steingraber,* No. 4:02 CV 225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003) (citing *Piatkowski v. Abdon Callais Offshore, LLC,* No. Civ. A. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000).

Defendants only argue that the primary motivating factor of preparing the incident report is to prepare for the prospect of litigation. However, investigating an accident in a store is just as likely something that a store would do in the ordinary course of business.

The Court notes that it is Defendants' burden to establish that the preparation of incident report is primarily for litigation. However, Defendants have failed to present any evidence, such as an affidavit evidencing a company policy of preparing incident reports for litigation. Neither is there any evidence that the incident report was prepared after the retention of or at counsel's request. *See Alexander v. Carnival.*, 238 F.R.D. 318, 319 ( S.D. Fla. 2006) (Where affidavit of cruise lines claims managers indicated that cruise line initiated a policy of preparing incident reports at the request of its attorneys to aid in possible litigation.) The Court notes that, in addition to the absence of an affidavit from a representative of Winn-Dixie, Defendants also failed to produce any deposition testimony of a corporate representative indicating why the incident report was created. The Court, therefore, finds that Defendants' work product objection is overruled and the incident report shall be produced no later than seven days of the signing of this order.

### B.   Second Set of Interrogatories and Request for Production of Documents

Plaintiff also seeks an order requiring the Defendants to respond to its Second Set of Interrogatories and Request for Production of Documents. The Plaintiff contends that the Defendants have failed and refused to respond to its second set of discovery. Furthermore, the Plaintiff further seeks the award of attorney's fees in connection with this matter.

The Defendants contend that its responses to both the Second Set of Interrogatories and the Requests for Production of Documents were not due until August 10, 2017. Defendants further contend that they were in the process of searching for the information requested by the Plaintiff and that, because the motion is premature, they have not waived any of its legal objections or privileges that are available for it to assert.

Rule 34 states that the party to whom the request is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 34. Similarly, Rule 33 provides that a party responding to interrogatories must do so within 30 days after service. *Id.* at 33(b)(2). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at 33(b)(4).

Further, Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection when the party fails to respond as required under either Rule 33 or 34. *Id.* at 37(a)(3)(B)(iii)-(iv).

In this case, the Second Set of Interrogatories and Requests for Production of Documents were propounded on July 11, 2017. Defendants' responses to both the Interrogatories and Requests for Production would have been due on August 10, 2017. However, the subject motion was filed by Plaintiff on July 31, 2017, ten days before they were due.

Also, obvious from the premature filing is the fact that counsel for Plaintiff failed to meet and confer, as required by Rule 37. Had Plaintiff's counsel followed the rules that are in place, he would have learned that Defendants were searching for the requested information. The Court, therefore, finds that the request to compel a response to the Second Set of Interrogatories and Request for Production of Documents is premature, and therefore, **DENIED**.

### C.  Request for Attorneys Fees.

Plaintiff also seeks the award of attorney's fees. Neither party addresses the appropriateness of the award of attorney's fees.

Rule 37 provides for the award of attorney's fees where the motion is granted. Fed. R. Civ. P. 37. However, in this case, the motion was partially granted and partially denied, which, in this Court's opinion, makes the award of expenses such as attorney's fees unjust. Therefore, the request for attorney's fees is **DENIED**.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Discovery Responses (R. Doc. 10)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that the Motion is **GRANTED** regarding Request for Production No. 4, seeking the production of the Incident Report for the reasons assigned in the opinion. The Incident Report shall be produced **no later than seven days from the signing of this order.**

**IT IS DENIED** to the extent that (1) the request to compel a response to the Second Request for Production of Documents and Interrogatories are **PREMATURE** and (2) the request for an award of attorney's fees would be unjust given the partial recovery in this matter.

New Orleans, Louisiana, this 19th day of September 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**