UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIANE RATCLIFF | CIVIL ACTION |
| VERSUS | NO: 17-4776 |
| WINN-DIXIE STORES, INC., ET AL. | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 30)** filed by Defendants, Winn-Dixie Montgomery, LLC, and Winn-Dixie Stores, Inc. (collectively, "Winn-Dixie"), an opposition thereto (Rec. Doc. 32) filed by Diane Ratcliff ("Plaintiff"), and a reply (Rec. Doc. 35) filed by Winn-Dixie. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from a slip and fall accident that occurred at a Winn-Dixie store located in New Orleans, Louisiana. Plaintiff alleges that on August 4, 2016, while grocery shopping with her friend, Paul Steiner ("Mr. Steiner"), she slipped on a puddle of water located on the floor of Winn-Dixie's freezer aisle. On March 28, 2017, Plaintiff filed suit against Winn-Dixie in Orleans Civil District Court for damages sustained as a result of the fall. Plaintiff alleges in her state court petition that Winn-

Dixie failed to maintain its premises in a safe and hazard free condition, failed to warn its patrons of a hazardous and dangerous condition, failed to repair a hazardous and dangerous condition, failed to maintain a safe place for its customers, and failed to insure the safety of its visitors. Plaintiff also alleges that she suffered injuries to her right hip, right buttock, neck, back, and right knee as a result of Winn-Dixie's negligent acts.

Winn-Dixie subsequently removed the case to this Court on May 10, 2017, and, on February 27, 2018, filed the instant *Motion for Summary Judgment* **(Rec. Doc. 30)**. Winn-Dixie argues that it is entitled to summary judgment on Plaintiff's claims because Plaintiff has failed to establish its liability under Louisiana's Merchant Liability Statute. Specifically, Winn-Dixie asserts that Plaintiff has failed to establish: (1) that it either created or had actual or constructive notice of the puddle; (2) that the puddle presented an unreasonable risk of harm; and (3) that it failed to exercise reasonable care. Plaintiff opposes the motion. The motion is now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

3

satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

La. R.S. 9:2800.6 governs negligence actions against merchants for injuries sustained because of a fall due to a condition existing in or on a merchant's premises. *See* La. R.S. 9:2800.6. Specifically, the statute provides:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

4

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice[1] of the condition which caused the damage, prior to the occurrence

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id*. In order to recover, a plaintiff must prove, in addition to all other elements of the cause of action, each of the three enumerated requirements of La. R.S. 9:2800.6(B). *See White v. Wal-Mart Stores, Inc.*, 97-0393, p. 4 (La. 9/9/97), 699 So. 2d 1081; *see also Bell v. American General Inv. L.L.C.*, 40,117, p. 5 (La. App. 2d Cir. 9/21/05), 911 So. 2d 408. Failure to prove any of these required elements will prove fatal to a plaintiff's claim. *White*, 699 So. 2d at 1081; *Evans v. Winn-Dixie Montgomery, LLC*, 15-191, p. 7 (La. App. 5 Cir. 10/28/15), 177 So. 3d 386, 392 (citations omitted).

---

[1] "'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. 9:2800.6(C)(1).

## I. Whether Winn-Dixie Either Created or had Constructive Notice of the Puddle

Winn-Dixie first contends that there is a complete absence of factual support to show that it either created or had constructive notice of the puddle before Plaintiff's accident occured.[2] "[W]here a claimant relies upon constructive notice under La. R.S. 9:2800.6(B)(2) . . . the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White*, 699 So. 2d at 1082 ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice"). However, this time-related showing need not be made if the facts show that the merchant created the alleged hazardous condition. *See Ruby v. Jaeger,* 99–1235, p. 3 (La. App. 4 Cir. 3/22/00), 759 So. 2d 905, 907; *see also Darton v. Kroger Co.*, 30,771, p. 4 (La. App. 2 Cir. 8/25/98), 716 So. 2d 974, 976 ("Plaintiff need not prove [that the damage-causing condition existed for some time period before the fall] if the facts show that the merchant created the unreasonably dangerous condition.").

---

[2] Although the statute imposes liability on a merchant if it had actual notice of the hazardous condition prior to the accident, Plaintiff has neither alleged nor provided any evidence to establish that Winn-Dixie had actual notice of the puddle.

With this in mind, the Court turns to consider the summary judgment evidence.

The summary judgment record consists of the following: (1) the deposition testimony of Plaintiff, Mr. Steiner, and Winn-Dixie's customer service manager; (2) the customer service manager's incident report; and (3) photographs of the scene taken immediately after the accident. The photographs depict a puddle of water located directly in front of one of Winn-Dixie's freezers. The parties do not dispute that this puddle of water caused Plaintiff's accident. Plaintiff and Winn-Dixie's customer service manager both testified that the water puddle originated from the freezer. The customer service manager's incident report provides the same.[3] In addition, the customer service manager testified that Winn-Dixie had experienced problems with the freezer in the past and that the issue had been previously reported to maintenance for repair.[4] Specifically, the customer service manager testified that she had personally observed condensation leakage from the freezer that would cause specs of water to appear on the floor. In light of the evidence submitted by Plaintiff, the Court concludes that a genuine issue of material fact exists as to

---

[3] Defendant does not challenge Plaintiff's use the store manager's incident report. The Court finds that the incident report is competent summary judgment evidence pursuant to Fed. R. Evd. 801(2).
[4] The store manager's testimony reiterates much of the information contained in her incident report (*i.e.*, that the freezer caused the puddle and that the freezer had previously been reported to maintenance for repair).

whether Winn-Dixie created the injury-causing condition. *Compare Conner v. Brookshire Brothers, Inc.*, 16-1148, 2018 WL 943289, at *4-*5 (W.D. La. Feb. 16, 2018) (denying the defendant's motion for summary judgment where the plaintiff and the merchant's employee testified that the plaintiff's fall was caused by water that leaked out of the defendant's cooler and said cooler had a history of leaking); *with Angelle v. Kroger Co.*, 12-01759, 2013 WL 6074626, at *3 (W.D. La. Nov. 18, 2013) (granting summary judgment against the plaintiff because although she alleged that the water that caused her to fall came from the defendant's ice machine, she testified that she did not know if the water was related to the ice machine, and affidavits by the defendant's employees affirmed that there was no known defect with the ice machine that caused the water to be on the floor).

## II. Whether the Puddle Presented an Unreasonable Risk of Harm

Next, Winn-Dixie argues that Plaintiff has not demonstrated that the water presented an unreasonable risk of harm. A condition presents an unreasonable risk of harm if the condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *See Lasyone v. Kansas City Southern Railroad,* 2000–2628, pp. 14-15 (La. 4/3/01), 786 So. 2d 682, 690; *see also Willig v. Pinnacle Entm't, Inc.*, 2015-1998, p. 8 (La. App. 1 Cir. 9/16/16), 202 So. 3d 1169, 1173. In determining whether a condition presents and unreasonable risk of harm, the

8

trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. *Bufkin v. Felipe's La., LLC*, 2014-0288, p. 6 (La. 10/15/2014), 171 So. 3d 851, 856. The determination of the unreasonableness of a risk predominantly encompasses an abundance of factual findings, which differ greatly from case to case. *Johnson v. Brookshire Grocery Co., Inc.*, 32,770, p. 6 (La. App. 2d Cir. 3/1/00), 754 So. 2d 346; *Lawrence v. City of Shreveport,* 41,825, p. 4 (La. App. 2d Cir. 1/31/07), 948 So. 2d 1179.

"In a slip and fall case, a hazard is established when the fall results from a foreign substance on a floor or an unreasonably slippery condition." *Burnett v. M & E Food Mart, Inc. No. 2*, 2000-350, p. 3 (La. App. 3 Cir. 11/15/00), 772 So. 2d 393, 396; *see Pena v. Delchamps, Inc.*, 2006-0364, p. 4 (La. App. 1 Cir. 3/28/07), 960 So. 2d 988, 991 ("A hazardous condition is one that creates an unreasonable risk of harm to customers under the circumstances."). Plaintiff's evidence establishes that her fall was caused by a foreign liquid on the floor of the freezer aisle, as her uncontroverted testimony on the point is supported by the testimony of Mr. Steiner and the customer service manager. Also, it is uncontested that the puddle was located on the freezer aisle directly in front of one of Winn-Dixie's freezers, an area regularly traversed by patrons. Given its adjacency to the

9

freezer, a reasonable jury could find that the harm posed by the puddle was neither obvious nor apparent because a prudent shopper's view of the condition would likely be obstructed if he or she were pushing a grocery cart. *See Boutte v. Winn-Dixie Louisiana, Inc.*, 95-1123, p. 4 (La. App. 3 Cir. 4/17/96), 674 So. 2d 299, 302–03 ("[T]he risk of harm created by [a foreign substance] in a high-traffic self-service supermarket is clearly foreseeable to the merchant."). In addition, the cost of repair is low, as the puddle could have been cleaned in a matter of seconds with minimal cost to Winn-Dixie. Accordingly, the Court finds that Plaintiff has complied with La. R.S. 9:2800.6(B)(1) by citing to specific evidence which could lead a reasonable jury to conclude that the puddle presented an unreasonable, and a reasonably foreseeable, risk of harm. *See Boutte*, 674 So. 2d at 302–03 (concluding that the plaintiff met her burden under La. R.S. 9:2800.6(B)(1) that the condition presented an unreasonable risk of harm where the plaintiff's evidence established that she fell on a foreign liquid substance located on the merchant's floor).

### III. Whether Winn-Dixie Failed to Use Reasonable Care

Finally, Winn-Dixie argues that Plaintiff has not made a showing that it failed to exercise reasonable care. "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6 (A). "This duty includes a

reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* Thus, merchants are required to exercise reasonable care to protect those who enter the premises, and this duty extends to keeping the premises safe from unreasonable risks of harm and warning persons of known dangers. *Moore v. Murphy Oil USA, Inc.*, 2015-0096, p. 11 (La. App. 1 Cir. 12/23/15), 186 So. 3d 135, 145; *Richardson v. Louisiana–1 Gaming*, 10–262, p. 4 (La. App. 5 Cir. 12/14/10), 55 So. 3d 893, 895.

Plaintiff avers that a Winn-Dixie employee, through the exercise of reasonable care, should have noticed the puddle and taken some measure to protect its patrons. Plaintiff has pointed to evidence which could lead a reasonable jury to conclude that the puddle stemmed from a defective freezer with known condensation problems. Mr. Steiner also testified that a Winn-Dixie employee was less than twenty feet away from Plaintiff when the accident occurred. Despite his proximity, neither he nor any other Winn-Dixie employee noticed the puddle before the accident. Furthermore, the record reflects that Winn-Dixie did not utilize any wet floor signs or alternative corrective measures to warn patrons of the risk posed by the puddle. *Cf*. *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, p. 4 (La. App. 3 Cir. 3/16/11), 59 So. 3d 513, 516 ("[Defendant] exercised reasonable care by placing two different "wet floor" signs to alert customers that

the floor had been mopped."); *and Lee v. Ryan's Family Steak Houses, Inc.*, 2006-1400, p. 10 (La. App. 1 Cir. 5/4/07), 960 So. 2d 1042, 1047 (concluding that a three-foot-high yellow warning cone containing the universal symbol for a wet floor is adequate to alert a patron of a hazardous condition). Thus, as with the two previous elements, Plaintiff has adduced sufficient evidence to create a genuine issue of material fact regarding whether Winn-Dixie failed to exercise reasonable care.

Therefore, the Court finds that the final resolution of these fact-based issues precludes summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(Rec. Doc. 30)** is **DENIED**.

New Orleans, Louisiana, this 29th day of March, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT JUDGE